# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHEKO R. STRAUGHTER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0642** (BOR Appeal No. 2048046)
(Claim No. 2011018685)

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cheko R. Straughter, by Patrick Kevin Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha County Board of Education, by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 23, 2013, in which the Board affirmed a January 2, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 15, 2011, decision which denied a request for Synvisc injections. In its Order, the Office of Judges also affirmed the claims administrator's April 10, 2012, decision which denied a request for a total left knee arthroplasty. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Straughter, an autism mentor, was injured in the course of his employment on November 12, 2010, when he was kicked in the knees and legs while attempting to restrain a student. He testified in a July of 2012 deposition that the child was six foot five inches tall and weighed 250 pounds. The claim was held compensable for contusion of the knees. Mr. Straughter had two previous work-related knee injuries for which he underwent treatment, including surgery on the left knee. Following the November 12, 2010, injury, Mr. Straughter

1

complained of bilateral knee pain which was worse in the left knee. A January 13, 2011, treatment note by Marietta Babayev, M.D., indicates that he had a history of osteoarthritis in his knees. John Pierson, M.D., also noted a history of osteoarthritis in the knees. He also stated that an MRI revealed degenerative changes. Mr. Straughter underwent physical therapy which was unsuccessful at resolving his symptoms. He also underwent Synvisc injections. They too proved to be ineffective and Dr. Pierson thereafter recommended a total left knee arthroplasty.

An independent medical evaluation was performed by Prasadarao Mukkamala, M.D., on March 13, 2012. Dr. Mukkamala found normal range of motion in both knees and diagnosed contusion of the bilateral knees. He opined that the compensable condition does not require Synvisc injections. The injections were necessary to treat degenerative changes which are not part of the compensable injury. Mr. Straughter's current symptoms were found to be the result of pre-existing, non-compensable degenerative changes. Dr. Mukkamala noted that Mr. Straughter is nearly 100% overweight and that excessive weight is a significant risk factor for the development of osteoarthritis of the knees. Dr. Mukkamala also determined that a total left knee arthroplasty was not necessary to treat the compensable condition. If Mr. Straughter does require a total knee replacement, he opined that it is due to degenerative arthritis and not the compensable contusion.

On July 15, 2011, the claims administrator denied a request for Synvisc injections. A request for a total left knee arthroplasty was denied on April 10, 2012. The Office of Judges affirmed the claims administrator's decisions in its January 2, 2013, Order. It found that Mr. Straughter has severe knee problems. The knee trauma was determined not to be as minor as Dr. Mukkamala suggested in his report, as Dr. Mukkamala seemed to be under the impression that Mr. Straughter was kicked in the knees and legs by a small child. Regardless, the Office of Judges stated that the claim was only held compensable for contusions of the knees. The medical evidence showed very significant pre-existing degenerative knee conditions. Despite Dr. Mukkamala's misunderstanding of the nature of the compensable injury, the Office of Judges determined that his conclusion, that the need for Synvisc injections and a total left knee arthroplasty were due to degenerative conditions, was correct. The Office of Judges also noted that Mr. Straughter's weight played a significant role in the degeneration of his knees, especially considering that he underwent left knee surgery prior to his November 12, 2010, injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 23, 2013, decision. We agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Straughter has a history of arthritis and degenerative changes in his knees. Synvisc injections and a total knee arthroplasty are not medically related or reasonably necessary for the treatment of his compensable condition of contusion of the knees.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum